FILED

DEC 2 0 1994

WILLIAM B. GUTHRIE
Clerk, U.S. District Court

By_____
      Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

CLARA M. REEVES, )
           PLAINTIFF, )
)
VS. ) CASE NO. CIV-94-039-B
)
DONNA E. SHALALA, Secretary )
of Health and Human Services )
           DEFENDANT. )

## FINDINGS AND RECOMMENDATIONS

**SCOPE OF COURT REVIEW** - Court review is limited to consideration of the pleadings and transcript filed by the Secretary as required by 42 USC 405(g). The Court is obligated to determine whether there is substantial evidence in the record to support the Secretary's decision. <u>Weakley v. Heckler, 795 F2d 64 (10th Cir. 1986)</u>; <u>Cage v. Califano, 638 F.2d 219 (10th Cir. 1981)</u>; <u>Tillery v. Schweiker, 712 F.2d 601 (10th Cir. 1983)</u>. Substantial evidence is more than a scintilla, but less than a preponderance; it is such evidence that a reasonable mind might accept to support the conclusion. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971). The Court, in this review, has the power to affirm, modify or reverse the Secretary's decision with or without remand for a rehearing.

**NATURE OF APPEAL** - Court review of denial of claim for disability under Article 2 and supplemental security income (See Sections 216(i); 223; 1614(a)(3)(A) of Act).

Page Two
Case No. CIV-94-039-B

CHRONOLOGY OF CASE

1. 2-11-92 Plaintiff's initial Application for SSi (Tr. 67-73)

2. 2-19-92 Plaintiff's initial Application for Disability (Tr. 63-66)

3. 10-21-92 Denial of Reconsideration (Tr. 82-84)

4. 7-22-92 Administrative Denial of Plaintiff's Claim (Tr. 77-81)

5. 2-3-93 Hearing Before Administrative Law Judge (Tr. 39-62)

6. 6-17-93 Unfavorable Decision by Administrative Law Judge (Tr. 13-27)

7. 11-17-93 Order of Appeals Council denying review (Tr. 4-6)

8. 1-19-94 Complaint filed with this Court

DISCUSSION AND ANALYSIS - Plaintiff, Clara M. Reeves (SSN 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) filed her application for disability and SSI on 2-19-92 and 2-11-92 respectively (Tr. 63-73). Plaintiff's date of birth is 3-23-47, she had a 7th grade education and was 46 years of age and the time of the administrative hearing.

Plaintiff's work experience included being a cashier and manager of a convenience store, assembly line work, meat wrapper, waitress, among others, and that the jobs involved lifting from 10 to 50 pounds (Tr. 97-109). In her disability report, Plaintiff stated that she had been unable to work since November of 1991 due to her post traumatic stress disorder and that she was severely depressed, very nervous,

Page Three
Case No. CIV-94-039-B

had horrible nightmares and could not stand to be around people. The administrative hearing was held on 2-3-93 in Hugo, Oklahoma before The Honorable Bruce L. Evans, Administrative Law Judge and Plaintiff was represented by Faye Tucker, Paralegal.

Plaintiff testified that she lived with her husband and that she became disabled in November of 1991 when her nerves got so bad that all she did was sit and cry and that the pressures of her job as convenience store manager was more than she could handle. She further testified she had been receiving treatment at a mental health center but was still having problems with vomiting, night sweats and nightmares and that she couldn't concentrate and was scared to death all the time and that her problems were mostly mental. Plaintiff's daily activities include watching TV, no house work or meal cooking, visits with her sister occasionally, goes out of the house occasionally, and that she used to have a drinking problem but has not had anything to drink for 9 or 10 months (Tr. 42-57). The medical evidence in this case includes both physiological and psychological. The medical records of Mental Health Services of Southern Oklahoma indicate Plaintiff's primary contact is a Leonard Terry, who is a psychological assistant with an M.B.S. and apparently not licensed (Tr. 159-165; 195-211; 231). A review of these records clearly indicate that Plaintiff has some mental

Page Four
Case No. CIV-94-039-B

problems and specifically post traumatic stress disorder as well as anxiety attacks and depression. These records further indicate that Plaintiff was responding appropriately to medication but there were peaks and valleys in her condition on different occasions. Mr. Terry concluded that Plaintiff's disorder prevented her from being able to be successful in the job market. The report of Dr. Mohan P. Das, M.D. indicated no acute medical problems, but diagnosed Dysthymia and his prognosis was guarded and stated Plaintiff seems to have been having long-standing personality difficulties and alcohol abuse and relationship problems and that she should continue with outpatient psychiatric treatment and attend AA meetings (Tr. 167-170). The report of Dr. M. Young Stokes, III (Tr. 1271-180) diagnosed chronic low back syndrome, cigarette abuse, peptic ulcer, hiatal hernia by history and depression and that in his professional opinion Plaintiff's ability to do work related activities is unimpaired as to sitting, handling objects, hearing and speaking but at least partially impaired as to standing, kneeling, lifting, carrying and traveling. Subsequent to the hearing, the ALJ sought the consultative services of Dr. Harold S. Krueger who rendered a consultative examination and report on 3-24-93 (Tr. 218-224). Dr. Krueger found that

Page Five
Case No. CIV-94-039-B

Plaintiff no difficulty walking and sitting, but did have problems standing, lifting and carrying objects, but that she was able to reason and make occupational, personal and social adjustments and that her psychiatric prognosis appears to be fair.

The ALJ, in questioning the Vocational Expert (VE) (Tr. 57-60) posed his hypothetical by asking if Plaintiff was able to do sedentary light work would she be able to return to these jobs she has performed in the past and the VE answered affirmatively and he also asked the VE if her mental problems including having Dysthymia, major depression, traumatic stress disorder would be a determining factor in her ability to be gainfully employed and the VE answered this question in the affirmative. In his decision (Tr. 13-27), the ALJ determined that Plaintiff did have some exertional limitations which made her unable to engage in strenuous physical activities and that she would be limited to light work and she was limited as to her ability to stand, move about, lift, carry and travel. As to her psychological problems, the ALJ concluded that Plaintiff was somewhat socially withdrawn, but did have sufficient ability to interact with co-workers and supervisors and that despite her mental health impairments, Plaintiff retains a Residual Function Capacity (RFC) to perform her past relevant work and specifically that of doing

Page Six
Case No. CIV-94-039-B


assembly work which the record indicates she had done on several occasions with the time spent on all of them being approximately 1 year.

Plaintiff complains in her brief that the Administrative Law Judge failed to properly address Plaintiff's alcohol abuse. However, it should be noted that the Plaintiff testified at the hearing that she had quite drinking and had not had anything to drink for 9 or 10 months (Tr. 55). A determining whether a claimant is disabled under the Act, a five step sequential evaluation process as set forth in 20 C.F.R. Sec. 404.1520, 416.920 was utilized with the Plaintiff's claim being terminated at Step 4 and the ALJ concluded that Plaintiff could perform some of her past work, i.e. sedentary assembly work. When allegations of disabling pain are made the guidelines as set forth in <u>Luna v. Bowen 834 F.2d 161 (10th Cir. 1987)</u> come into play and a review of the record reveals that Plaintiff's complaints of pain are not supported by the evidence inasmuch as she did not even list that as a disabling factor in her application nor was it in and by itself treated by her as being disabled in her subjective complaints in her medical records and the narrative reports. The Court also notes that in the charts of the Mental Health Services of Southern Oklahoma, Plaintiff indicated that her husband had started receiving his Social

Page Seven
Case No. CIV-94-039-B

Security and that had relieved her anxiety somewhat and this indicates to this Court that motivation to receive benefits by Plaintiff may have been a major factor in her pursuing her claim in this case. This has been addressed by the Courts before which has held that this motivating factor has to do with credibility which is within the province of the ALJ Broadbent v. Harris, 698 F.2d 407, 423 (10th Cir. 1983); Dias v. Secretary, 898 F.2d 774, 777 (10th Circuit, 1990). There is conflicting evidence in this case, especially that has Mr. Terry, the psychological assistant, stating Plaintiff's mental impairments leave her unable to work and those of other medical doctors stating otherwise and the Courts have held to the extent that there may be conflicts in the evidence, including those arising in medical opinions that are to be resolved by the ALJ as trier of facts Richardson v. Perales, 402 U.S. 389-399 (1971); Tillery v. Schweiker, 712 F.2d 601, 603 (10th Cir. 1983); Valentine v. Richardson, 468 F.2d 588, 589 (10th Cir. 1972).

CONCLUSION - Therefore, the Magistrate Judge finds there is substantial evidence to support the Secretary's finding that Plaintiff is not disabled within the meaning of the Social Security Act. 42 U.S.C. Sec. 423(d)(5). Accordingly, it is recommended that the Decision of the ALJ, which is the final decision of the Secretary, should be affirmed. Parties are

Page Eight
Case No. CIV-94-039-B

herewith given 10 days from the date of this service to file with the Clerk of the Court any objections, with support brief. Failure to object to the Findings and Recommendation within ten (10) days will preclude appellate review of the judgment of the district court based on such findings. 28 U.S.C. Sec. 636(b)(1), Federal Rules of Civil Procedure 72, 6(a) and 6(3), and Local Rule 32(d).

DATED this 20th day of December, 1994.

RICHARD P. CORNISH
UNITED STATES MAGISTRATE JUDGE